# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PAULA RANDALL § | |
| § | |
| V. § | CASE NO. 4:11-CV-182 |
| § | Judge Mazzant |
| BAC HOME LOANS SERVICING, LP, § | |
| and RECONTRUST COMPANY, N.A. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Disqualify Plaintiff's Counsel (Dkt. #54). Having considered the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND[1]

Defendants Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP ("BANA") and ReconTrust Company, N.A. filed this Motion to Disqualify Plaintiff's Counsel. At the heart of this action is a dispute related to Plaintiff's September 1, 2009 mortgage payment, which she contends was made to Taylor, Bean, and Whitaker ("TBW") prior to the servicing transfer of her loan to BANA. Plaintiff learned BANA was servicing her loan in September 2009 and hired Emil Lippe ("Lippe") sometime in November 2009, approximately sixteen months before this lawsuit was even filed, to assist with the resolution of this payment dispute. During the course of the sixteen months leading up to the filing of this action, BANA engaged in frequent communications with Lippe as part of a repeated effort by BANA to resolve the dispute. The context, substance, and specifics of these communications involve facts directly pertaining to Plaintiff's causes of action, along with BANA's defenses, and because many of these communications were strictly with Lippe, Defendants contend that he is a fact witness.

---

[1] The Court has taken the background facts from Defendants' Motion to Disqualify (Dkt. #54).

On March 14, 2012, Defendants filed their motion to disqualify counsel (Dkt. #54). On April 27, 2012, Plaintiff filed a response (Dkt. #77). On May 10, 2012, Defendants filed a reply (Dkt. #86).

Defendants assert that Lippe is a fact witness and in light of Lippe's dual role as witness and advocate and Plaintiff's recent Motion for Trial by Jury, heightening BANA's concerns over Lippe's dual role and the confusion created, the considerations of Rule 3.08 of the Texas Rules of Disciplinary Conduct and Rule 3.7(a) of the ABA Model Rules of Professional Conduct are implicated. BANA therefore files this motion seeking the Court's guidance regarding its ability to conduct discovery from Lippe as well as his disqualification as counsel for Plaintiff.

## LEGAL STANDARD

The Fifth Circuit has "made clear that 'disqualification cases are governed by state and national ethical standards adopted by the court.'" *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir. 1995). In the Fifth Circuit, when considering disqualification of an attorney, district courts generally rely upon the following: (1) the local rules in the district; (2) American Bar Association's ("ABA's") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001); *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 714 (S.D. Tex. 1999). Beyond the various rules and codes identified above, "[a] court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel." *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976).

In the Eastern District, "the standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court." Eastern District of Texas, Local Rule AT-2. In Texas, disqualification is a "severe remedy." *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989). Motions to disqualify are subject to an exacting standard both to protect a party's right to counsel of choice as well as to discourage the use of such motions as a "dilatory trial tactic." *Id.*

Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct provides as follows:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
   (1) the testimony relates to an uncontested issue;
   (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
   (3) the testimony relates to the nature and value of legal services rendered in the case;
   (4) the lawyer is a party to the action and is appearing pro se; or
   (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

Tex. Disciplinary R. Prof. 1 CONDUCT 3.08(a).[2]

## DISCUSSION AND ANALYSIS

Defendants recognize that disqualification is a severe remedy, but assert that Lippe is a

---

[2] Rule 3.7 of the ABA Rules of Professional Conduct states:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

necessary witness such that his participation as both attorney and witness would result in actual prejudice to BANA's ability to fully defend this action. Defendants argue that for Plaintiff to prove her damages, she must establish the following essential facts: (1) BANA failed to apply one of Plaintiff's payments; (2) BANA's failure to apply the payment was wrongful; and (3) BANA's communications with Plaintiff violated the DTPA, TDCA, FDCPA, and constituted common law unreasonable collection efforts. Defendants also assert that to prove its affirmative defense, BANA must establish essential facts to prove any failure to apply Plaintiff's alleged payment was caused by Plaintiff, not BANA. Defendants argue that in order to establish these facts, Plaintiff and BANA must elicit testimony from the witness with the most knowledge of the communications between Plaintiff and BANA from November 2009 (approximate time BANA began servicing the loan) and March 2011 (when lawsuit was filed), and that person is Plaintiff's counsel Lippe. Defendants assert that the only person speaking to BANA representatives on Plaintiff's behalf about this loan from approximately November 2009 through March 2011 was Lippe.

Plaintiff responds that the motion is so frivolous and outrageous that it must not only be summarily denied, but severe sanctions pursuant to Rule 11 should be assessed against Defendants and their counsel. Plaintiff asserts that if Lippe were to testify in Plaintiff's case, Lippe's only testimony could be that he sent certain demand letters, including his letter dated December 16, 2009, with which he enclosed a copy of the cancelled check for the August, 2009, payment. Plaintiff asserts that such testimony would be superfluous, because the letters speak for themselves and that Lippe has no knowledge of the underlying facts, except only what he has learned in conversations with his client, and in reviewing the documents produced in discovery.

The Court finds that under the Texas standard, Defendants must show that Lippe's testimony

is necessary to establish an essential fact of a claim in order for disqualification to potentially be available. All of Lippe's potential testimony is either cumulative and available from other sources. Lippe has no knowledge of the underlying facts. Lippe sent letters to Defendants, which speak for themselves. All written communications from Defendants to Lippe likewise speak for themselves, and cannot be contradicted by Lippe. Moreover, Defendants have not described a single, disputed fact where Lippe is the sole witness to one side of a dispute. Plaintiff has no intent to call Lippe as a witness in this case. The Court accepts that representation. The Court does not see Lippe as a necessary witness in this case. The Court finds that the motion to disqualify should be denied. However, the Court will reconsider this motion, *sua sponte*, if Lippe intends to become a witness in this case.[3]

Plaintiff and Lippe argue BANA's counsel should be sanctioned for filing the motion. The Court understands that Defendants would have concerns of an attorney's dual role as lawyer and witness especially with the prospect of a jury trial and finds Plaintiff's request for sanctions baseless. Defendants brought a legitimate concern to the Court. Although the Court denies the request to disqualify Lippe, the denial is based upon the representation that Lippe will not be a witness in this case.

---

[3] This statement does not mean that Defendants can make Lippe a witness in the case in an attempt to have the Court disqualify Lippe from further representation.

It is therefore ORDERED that Defendants' Motion to Disqualify Plaintiff's Counsel (Dkt. #54) is hereby DENIED at this time.

**SIGNED this 24th day of May, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE